IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-144-FL

| | |
|---|---|
| NORMA JANE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ONSLOW COUNTY DEPARTMENT OF ) | |
| SOCIAL SERVICES, TINA COFFEE ) | |
| DEAN, CLIFFORD HILL, CHARLOTTE ) | |
| HILL, PATRICIA AYCOCK, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on its own initiative, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). The issues raised are ripe for decision. For the reasons noted, the court dismisses plaintiff's complaint for lack of subject matter jurisdiction, and denies as moot plaintiff's motion for preliminary injunction and temporary restraining order.

### STATEMENT OF THE CASE

This action primarily concerns the validity of a state incompetency hearing, seeking revocation of a legal guardianship. Plaintiff, proceeding pro se, initiated this action in forma pauperis on August 6, 2019. On August 8, 2019, plaintiff paid her filing fees, filed motion for preliminary injunction and temporary restraining order on August 8, 2019, and filed her complaint. Plaintiff alleges defendants violated her due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as her right to counsel under the Sixth Amendment to the United States Constitution, by seeking to have her found incompetent.

**STATEMENT OF THE FACTS**

Plaintiff is a resident of Jacksonville, North Carolina. Defendants Charlotte Hill Neville ("Neville"), Patricia Aycock ("Aycock"), and Clifford Hill ("C. Hill") are plaintiff's family members.[1] (See Compl. at 2, 4). Defendant Tina Coffey Dean ("Dean") is a social worker for defendant Onslow County Department of Social Services ("DSS"). (Id. at 2). Plaintiff's family members convinced her to grant general power of attorney to her daughter, defendant Neville, allegedly without plaintiff's full understanding of the implications of her actions. (Id. at 5). Defendant Neville was given power of attorney on February 9, 2017, and allegedly gained control of plaintiff's finances for personal gain. (Id.). F. Hill lived with and provided care for plaintiff starting in April 2017. (Id.).

In 2019, defendant DSS observed plaintiff for approximately four months, and made the case in state court that plaintiff suffered from Alzheimer's disease. (See id. at 4). In or around July 2019, plaintiff was adjudicated incompetent, and a guardian was appointed. (Id.). Plaintiff alleges the court appointed a guardian ad litem to represent her at hearing, but did not give her an opportunity to request her own legal representation. (Id. at 3, 5). The guardian ad litem only spoke with those family members who wished to have her declared mentally incompetent, met very briefly with her on July 25, 2019, and never explained to plaintiff the purpose of the incompetency hearing. (Id. at 5). She alleges that Home Hospice visited plaintiff 2–3 times a week since January 2019, and their notes directly contradict defendant DSS's findings stating plaintiff was mentally incompetent. (Id.). However, none of this evidence was allowed to be entered into the record or reviewed by the judge during the incompetency hearing. (Id.).

---

[1] Frank David Hill ("F. Hill"), plaintiff's son and primary caregiver, is not named as a party in this action. (Compl. at 3).

Plaintiff believes that defendant Neville means to sell all properties owned by plaintiff once she is committed to a nursing home. (Id. at 4).

**COURT'S DISCUSSION**

A.   Standard of Review

"The objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). "Rule 12(h)(3) instructs: '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" Id. (citing Fed. R. Civ. P. 12(h)(3)). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the court considers a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B.   Analysis

Plaintiff's complaint seeks to invoke the court's subject matter jurisdiction by raising constitutional challenges to her North Carolina state incompetency proceeding.

The Rooker–Feldman doctrine bars federal courts from sitting "in direct review of state court decisions." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–84 (1983). Specifically, the doctrine bars "state-court losers complaining of injuries caused by state-court

3

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 320 (4th Cir. 2016) (emphasis omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); Davani v. Virginia Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006). This doctrine also prohibits a district court from reviewing federal claims that are "inextricably intertwined" with a state court decision. Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Id. (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)).

The United States Court of Appeals for the Fourth Circuit has recently considered a situation similar to this one. "[T]he complaint challenged the outcome of [plaintiff's] competency proceeding in North Carolina state court." Womack v. Owens, 736 F. App'x 356, 357 (4th Cir. 2018). The court upheld dismissal of the action under the Rooker-Feldman doctrine, finding that "[plaintiffs], the state-court losers, complain of injuries caused by the state-court judgment." Id. Like Womack, plaintiff's constitutional challenges seeking to overturn the findings of her state incompetency hearing and have her guardianship revoked are barred by the Rooker-Feldman doctrine.

The court construes plaintiff's remaining claim seeking revocation of defendant Neville's power of attorney as a state common law claim sounding in agency. Pursuant to 28 U.S.C. § 1367(c)(3), this court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." This statutory authorization grants the court the power to "dismiss the claim or, if it was removed, remand it to State court." Safar v. Tingle, 859 F.3d 241, 257 (4th Cir. 2017) (quoting Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611,

616 (4th Cir. 2001)). Where no federal claims remain, the court declines to exercise supplemental jurisdiction over state law claims raised by plaintiff.

## CONCLUSION

Based on the foregoing, plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's motion for preliminary injunction and temporary restraining order (DE 4) is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of August, 2019.

LOUISE W. FLANAGAN
United States District Judge